## John H. Stiffler, Plff. in Err., *v.* Charles Retzlaff.

A purchaser of property at an assignee's sale cannot be affected by a private agreement between two of his predecessors in the title, which was not recorded and of which he had no notice.

The admissions of the purchaser, as to what he supposed he was to get by his purchase, amount to nothing; his rights are defined by the deed, and these can neither be enlarged nor abridged by his declarations.

(Argued May 27, 1887.   Decided October 3, 1887.)

July Term, 1887, No. 2, E. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Blair County to review judgment on a verdict for the plaintiff in an action of ejectment.   Affirmed.

The facts as they appeared on the trial, before DEAN, P. J., were stated in the charge, substantially as follows:

The issue you are sworn to try is an ejectment brought by Charles Retzlaff, the plaintiff, to recover possession of a portion of a half lot of ground.   The title to the whole lot became vested in John H. Stiffler, by deed from Patrick Doran.   In this deed the lot is described as fronting 42 feet on Eighth avenue and running back 120 feet to an alley.

Presumptively, from this description, the lot also fronted 42 feet on the alley, but it is admitted that an accurate survey shows that it extends only 35 feet along the alley; it is 7 feet narrower at that end than on Eighth avenue.   John H. Stiffler, the purchaser, on April 16, 1881, went into possession of the whole lot, and made improvements, put up a store room fronting on Eighth avenue, and also a wareroom and stable on the rear end of the lot, and was occupying and using the whole lot; but the store room did not extend over more than the half of the front on Eighth avenue.

John H. Stiffler conveyed the eastern half of the lot to his son Joseph K. Stiffler, described as a lot fronting 21 feet more or less

on Eighth avenue and running back 120 feet to an alley, being the one half of the same lot conveyed to John H. Stiffler by Patrick Doran and wife. Joseph K. Stiffler made an assignment for the benefit of his creditors to I. B. Hughs. The property was sold to Charles Retzlaff, this plaintiff.

By the written and recorded deed of John H. Stiffler to his son, Joseph K. Stiffler, Joseph K. Stiffler's deed to his assignee, I. B. Hughs, and I. B. Hughs's deed to the plaintiff, the plaintiff is entitled to the half of the lot by a line running from a point 21 feet from either corner on Eighth avenue to a point 17½ feet from the corner at the alley. If John H. Stiffler, the defendant, is in possession of any portion of the land east of that line, by the deeds his possession is wrongful, and the plaintiff is entitled to a verdict for that much land. It is not disputed in the evidence here by John H. Stiffler, the defendant, that his ware room and store room extend over that line eastward, and that he is in possession of more than half of the lot. But the defendant claims that he is there by right, and not wrongfully; and that makes the issue in this case. John H. Stiffler, the defendant, alleges that by an agreement made by him and his son on July 18, 1884, two days after the date of the deed, the description in the deed is so modified or restricted as to include less of the lot than it otherwise would. The following is the agreement:

Altoona, July 18, 1884.

Article of agreement, made this day between John J. Stiffler of the first part and J. K. Stiffler of the second part, Witnesseth, and they covenant and agree that the lot or parcel of land deeded to the party of the second part on July 16, 1884, shall only extend along the alley 9 feet and that the plank building thereon erected shall remain the property of the party of the first part until such time as this article of agreement shall be made void. And further we agree that the stairway between the buildings shall be used in common till such time as there may be other arrangements made.

In witness whereof we have set our hands and seals the year and day above mentioned.

Witness—  
    Charles F. Rees.

John H. Stiffler, [Seal.]  
J. K. Stiffler, [Seal.]

By this agreement instead of Joseph K. Stiffler getting half of the lot, he gets 8½ feet less than half the lot on the alley; and

instead of the exclusive use of the 21 feet on Eighth avenue, the use of so much as is covered by the hall stairway is to be thereafter in common for the use of the two owners of the property. It is not alleged that this agreement was put on record; it was kept in the possession of the defendants, but the deed was on record.

We instruct you:

First, if the purchaser had notice of this agreement before he purchased, his rights are limited by it just the same as the rights of Joseph K. Stiffler, a party to it, would be limited by it, were he a contestant here as against his father, John H. Stiffler;

Second, if the purchaser, otherwise than from the agreement itself, had notice of John H. Stiffler's claim, he is affected by it the same as if he were a party to it.

Verdict and judgment for plaintiff.

The defendant submitted, *inter alia,* the following points:

4. That if at the time of the purchase by Retzlaff any notice was given at the sale before the property was offered of an article of agreement between John H. Stiffler and Joseph K. Stiffler when Retzlaff was present, then, even if the agreement was not read, it was such notice as should have put him on inquiry, and it was his duty to inquire as to what the agreement did contain; and if he failed to do this, he would be bound by the terms of the agreement whatever they were.

*Ans.* This point is denied.    (First assignment of error.)

8. That if to run the line as claimed by the plaintiff would be to permanently injure and almost ruin the building occupied as a store room and dwelling house as is claimed by the defendant, and that would be apparent to any one inspecting the property, then the strong presumption would be that such was not the intention of John H. Stiffler when he conveyed the title to Joseph K. Stiffler, and if that fact would be apparent Retzlaff would be presumed to know such was not his intention.

*Ans.* This point is denied. (Second assignment of error.)

5. That if after John H. Stiffler made the deed to Joseph K. Stiffler, he and his tenants occupied, from that time down to and including the day of the sale, all of the store room, dwelling house and ware room on the lot as claimed by him, including that portion which Retzlaff now claims as a part of his lot, it was the duty of Retzlaff to make inquiry of John H. Stiffler or his

tenant in possession as to the extent of his claim, and if he neglected to do this he is affected with a knowledge of the title of John H. Stiffler.

*Ans.* The point is affirmed, unless you should find from the evidence that John H. Stiffler voluntarily made an announcement at the sale which would now estop him from claiming in opposition to his deed. The constructive notice here mentioned would not be conclusive against the purchaser if John H. Stiffler misled him. (Third assignment of error.)

9. That Retzlaff's admission in his testimony that at the time of the purchase he did not suppose he was getting any portion of the John H. Stiffler building, occupied by a store room and dwelling house, nor the warehouse, in connection with the testimony of H. H. Herr, Esq., counsel for the assignee, and also of John H. and Joseph K. Stiffler, and the evidence as to the occupancy of the buildings by John H. Stiffler and his tenant, and the permanent injury which would result to the buildings, shows clearly that at the time of the sale it was not supposed or claimed by any of the parties that the deed from John H. Stiffler included any portion of the lot covered by the building used as a store and dwelling, nor the warehouse, and the plaintiff cannot recover any portion of the lot covered by these buildings.

*Ans.* This point is denied. (Fourth assignment of error.)

10. There is no such evidence here as would warrant the jury in finding that the conduct of John H. Stiffler was such as would operate as an estoppel, and the verdict must be for the defendant.

*Ans.* This point is denied. (Fifth assignment of error.)

The plaintiff submitted, *inter alia,* the following points:

That if when John H. Stiffler, by his counsel, undertook to give notice to bidders at the sale of the secret claim upon the property, and that if that notice was confined to his rights in the stairway and in no way to the dimensions to the lot, he is estopped from enlarging and from making any claim other than for the use of the stair way.

*Ans.* This point is affirmed, that is, if you find that his silence was reasonably calculated to mislead the purchaser, and that he was actually misled by it. (Sixth assignment of error.)

The court excluded the testimony which the defendant offered to prove by John H. Stiffler: "That it was distinctly agreed between him and Joseph K. Stiffler at the time the deed was made

that there was to be no conveyance of any part of the lot covered by his store room or ware room; to be followed by proof by Joseph K. Stiffler, the other party to the deed, that such was the understanding at the time and that the deed was a mistake so far as any other description was concerned." (Seventh assignment of error.)

*H. M. Baldridge,* for plaintiff in error.——The defendant below asked the court to say that even if the article was not read as claimed by plaintiff, yet if notice was given of the existence of an agreement at the time the property was offered, when Retzlaff was present, it was then his duty to inquire as to its contents; and if he neglected to do this then he would be bound by the agreement. This point the court denied and in this we think there was error. Notice may be by record, by possession, or it may be given directly by writing or verbally. Banks v. Ammon, 27 Pa. 175.

It is established law in Pennsylvania that whatever puts a party upon inquiry amounts to notice, provided the inquiry becomes a duty, as it always is with a purchaser, and would lead to the discovery of the requisite facts by the exercise of ordinary diligence and understanding. Hottenstein v. Lerch, 104 Pa. 454; Hill v. Epley, 31 Pa. 336; Jaques v. Weeks, 7 Watts, 267; Lodge v. Simonton, 2 Penr. & W. 448, 23 Am. Dec. 36.

When an easement is apparent and continuous the purchaser takes subject to it although it is not mentioned in the deed. Why? Because if he had notice of such facts as should have put him upon inquiry, then he had constructive notice of it, which the law regards as equivalent to actual notice. The defendant claimed that even if there were no actual notice given, these facts were certainly sufficient to bring notice to Retzlaff. Overdeer v. Updegraff, 69 Pa. 110; Hottenstein v. Lerch, 104 Pa. 454.

In order to make out an estoppel it must not only appear that the representation was made with a knowledge of the facts, but the party to whom it was made must have been ignorant of the truth of the matter, and also destitute of all convenient or ready means of acquiring such knowledge by the use of ordinary diligence. Woods v. Wilson, 37 Pa. 379, 384.

A party is not estopped by his acts or declarations from showing the truth, unless such acts or declarations were intended to influence the conduct of another, or he had reason to believe that

they would have that effect. Kuhl v. Jersey City, 23 N. J. Eq. 84.

The element of fraud is essential either in the intention of the party estopped or in the effect of the evidence which he attempts to set up. Hill v. Epley, 31 Pa. 334.

A party cannot rely upon an estoppel from acts and representations upon which he was not induced to act otherwise than he would. Helser v. McGrath, 52 Pa. 531.

He must have been misled or deceived by them. Simpson v. Pearson, 31 Ind. 1, 99 Am. Dec. 577; Connihan v. Thompson, 111 Mass. 270.

And this must affirmatively appear. Diller v. Brubaker, 52 Pa. 498, 91 Am. Dec. 177.

Three ingredients are necessary to constitute equitable estoppel *in pais:* (1) Misrepresentation, or wilful silence; (2) that the actor, having no means of information, was by the conduct of the other induced to do what otherwise he would not have done; and (3) that injury would ensue from a permission to allege the truth. And these three things must appear affirmatively. Com. v. Moltz, 10 Pa. 531, 532, 51 Am. Dec. 499.

While it is true that as a general rule parol testimony cannot contradict or alter the language in a deed, yet it is admitted in cases of fraud or mistake. A boundary line agreed to by the parties may be shown by parol, notwithstanding language of the deed. Hagey v. Detweiler, 35 Pa. 409; Gertzer v. Kammerer, 36 Phila. Leg. Int. 392; Seiber v. Oles, 110 Pa. 301, 1 Atl. 252.

*Aug. S. Landis* and *Alexander & Herr,* for defendant in error.—If a man is silent when he should speak, he will not be heard when he would speak. Bigelow, Estoppel, 501.

Stiffler having undertaken to give notice, and having withheld notice of what he now claims, he is estopped, and cannot claim any equitable principle in his favor. Com. v. Moltz, 10 Pa. 530, 51 Am. Dec. 499; Hill v. Epley, 31 Pa. 333; Miranville v. Silverthorn, 48 Pa. 149.

Nor does it make any difference that the purchaser might have discovered that he would acquire no title by his purchase had he made diligent inquiry. He has been put off his guard and induced to make no inquiry by the words of encouragement he has received. Maple v. Kussart, 53 Pa. 352, 91 Am. Dec. 214.

It is further urged that the doctrine of estoppel is not applicable in this case because it is argued: (1) That there must be misrepresentation or silence; (2) that the party affected must be ignorant of the truth of the matter, and be induced to act; (3) that injury must ensue by Stiffler's now speaking the truth.

For Stiffler to withhold notice of his claims would be a fraudulent concealment of the truth.

His silence was at least a "deceptive silence," and is "incompatible" with innocence of intention. Bigelow, Estoppel, 608.

Even without fraudulent intent a party may so speak and act as to silence his future assertion of the truth, to the prejudice of him whom he has innocently misled. Miranville v. Silverthorn, 48 Pa. 149; Power v. Thorp, 92 Pa. 351.

OPINION BY MR. CHIEF JUSTICE GORDON:

We have examined with care the statement and argument of the learned counsel for the plaintiff in error, who was the defendant below, as well as the other parts of this case.

The deed of John H. Stiffler to his son, Joseph K., is certainly without ambiguity; it conveys the one half of the Doran lot. This was, no doubt, a mistake, and was corrected as between the parties themselves, by the agreement of the 18th of July. But while the deed was duly recorded, the agreement was not; and it is hardly necessary for us to say that the purchaser at the assignee's sale could not be affected by a private arrangement of which he had no notice. Hence, the principal question of the case was one of notice, and that not merely of the fact of a collateral agreement, but of its contents; and as this question was fully and fairly submitted to the jury, the plaintiff in error has really nothing of which to complain.

It is urged that as the defendant's buildings were over the line called for by the deed, that fact should have put the plaintiff on inquiry. But how could this be in the face of his, the defendant's, own deed? There was no question but that he could thus have sold; neither is there any doubt but that, by his deed, he did thus sell. The record negatived an adverse holding; and beyond this the plaintiff was not bound to inquire.

Outside the agreement, to which reference has been made, the defendant had no case; hence, the third, fifth, and sixth assignments cover rulings of the court below which were more favorable to the defendant than he could lawfully have required.

Retzlaff's admissions as to what he supposed he was to get by his purchase amount to nothing, for prima facie he got just what was described in Joseph K. Stiffler's deed, and his rights could neither be enlarged nor abridged by his declarations.

The agreement alone changed the prima facie character of the deed; and as of the contents of this the jury found the plaintiff had no notice, he was clearly not bound by it.

What we have said disposes of all the assignments except the sixth, and that is so clearly without merit that we pass it without comment.

The judgment is affirmed.